**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 08-954-PHX-JAT |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Marlon Rubio, | ) ) | |
| Defendant. | ) ) ) | |

Pending before the Court is Defendant's motion to dismiss based on alleged prosecutorial vindictiveness. Defendant alleges that following his decision to not accept a plea offer, the prosecutor obtained a superseding indictment; and, that obtaining the superseding indictment was in retaliation for Defendant's exercise of his rights, which Defendant claims violates the Due Process Clause.

**I.      Prosecutorial Vindictiveness**

The government violates a defendant's right to due process of law if the government files charges against the defendant to penalize the defendant for exercising a statutory or constitutional right. *U.S. v. Jenkins*, 504 F.3d 694, 699 (9th Cir. 2007). This penalizing, or prosecutorial vindictiveness, may be established by direct evidence of the prosecutor's punitive motive. *Id.* If there is no direct evidence of vindictiveness, the defendant is still entitled to a presumption of vindictiveness if the defendant can show that the charges, "were filed because [the defendant] exercised a statutory, procedural, or constitutional right in

circumstances that give rise to an appearance of vindictiveness." *Id.* (internal quotations and citations omitted). If the defendant establishes an appearance of vindictiveness, the burden then shifts to the government to rebut the presumption of vindictiveness. *Id.* at 701. The government can rebut this presumption with, "objective evidence justifying the prosecutor's action." *Id.* (internal quotations omitted).

In *Bordenkircher v. Hayes*, 434 U.S. 357 (1978), the Supreme Court addressed prosecutorial vindictiveness as it relates to plea negotiations. In *Bordenkircher*, the Court framed the issue as the following:

> The question in this case is whether the Due Process Clause of the Fourteenth Amendment is violated when a state prosecutor carries out a threat made during plea negotiations to reindict the accused on more serious charges if he does not plead guilty to the offense with which he was originally indicted.

*Id.* at 358. The Court then concluded:

> We hold ... that the course of conduct engaged in by the prosecutor in this case, which no more than openly presented the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution, did not violate the Due Process Clause of the Fourteenth Amendment.

*Id.* at 365.

Specifically, in *Bordenkircher*, under the first indictment, the defendant was facing a two to ten year sentence. *Id.* at 358. The prosecutor offered a plea in which the prosecutor would recommend a five year sentence. *Id.* The prosecutor advised the defendant that if he did not accept this plea, he would reindict him on a charge which would subject him to a mandatory sentence of life in prison. *Id.* at 358-59. The defendant elected to not plead guilty and the prosecutor obtained the threatened superseding indictment. *Id.* at 359. Finally, "it [was] not disputed that the [additional charge] was fully justified by the evidence, that the prosecutor was in possession of this evidence at the time of the original indictment, and that [defendant's] refusal to plead guilty to the original charge was what led to his [re]indictment... ." *Id.*

## II. Facts of this case

In this case, Defendant was charged with harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(a)(iii) and (a)(1)(B)(i). Doc. #29. On July 30, 2008, the government offered to allow Defendant to plead guilty to using, carrying or possessing a firearm during and in relation to a crime of violence a violation of 18 U.S.C. § 924(c). Doc. #116-3 at 1. In this plea, the government agreed not to prosecute Defendant for Harboring Illegal Aliens or Hostage Taking. Doc. #116-3 at 3. On September 25, 2008, Defendant advised the government that he would not enter into this plea agreement.

On October 28, 2008, Defendant set a change of plea hearing before the Court (the hearing was to be held on November 12, 2008). At this hearing, Defendant intended to plead guilty straight to the indictment, which, as stated above, charged harboring illegal aliens. Doc. #102 at 4. On November 6, 2008, (before Defendant could change his plea), the government obtained a superseding indictment charging Defendant with harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(a)(iii) and (a)(1)(B)(i), conspiracy to commit hostage taking in violation of 18 U.S.C. § 1203, hostage taking in violation of 18 U.S.C. § 1203 and 2, and possessing, using and carrying a firearm during and in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. § 924(c) and 2. Doc. #60.

## III. Discussion

### A. Longer potential sentence

Defendant argues that the superseding indictment should be dismissed for prosecutorial vindictiveness. Specifically, Defendant argues that he exercised his right to plead guilty to the indictment and, as a result, the government obtained the superseding indictment. Defendant argues that this was improper because the new indictment, "upped the ante" as far as the sentence he was facing. Doc. #102 at 15. The Court rejects this argument. *Bordenkircher* makes clear that the fact that a superseding indictment will cause a defendant to face a longer sentence does not equate to a due process violation. 434 U.S. at 358-59, 365.

| | |
|---|---|
|1| **B.     Previously known facts**|

In his untimely reply, Defendant argues that the charges in the superseding indictment were known to the government throughout the case and were not the result of additional investigation. Doc#131 at 2-3. While these facts may be true, this argument also fails. *Bordenkircher* holds that due process is not violated when increased charges are based on facts that were always known to the government. 434 U.S. at 359, 365.

**C.     Notice**

In his reply, Defendant also argues that "the government in this matter never made a statement of its intent to supersede, particularly as to hostage taking." Doc. #131 at 4. The government argues that Defendant was always on notice of its intent to prosecute him for hostage taking and the firearms charge.

In the plea agreement that the government offered Defendant, Defendant would have been pleading guilty to the firearms charge. Doc. #116-3 at 1. Further, in that agreement, the government agreed that it would not prosecute Defendant for hostage taking. Doc. #116-3 at 3. As discussed above, this plea agreement was offered to Defendant on July 30, 2008. The superseding indictment was obtained November 6, 2008. The fact that these two crimes were specifically dealt with in the proposed plea agreement belies Defendant's argument that he was not on notice that the government might obtain additional charges against him on these additional crimes if he did not accept the plea.

At the hearing, Defendant clarified his argument on this point and stated that his being on notice that these charges might have been forthcoming is not sufficient to overcome a claim of prosecutorial vindictiveness. Instead, Defendant argued that any superseding indictment would be vindictive unless the prosecution expressly threatened him that if he did not plead guilty he would be superseded.

This Court does not read the case law as requiring the government to threaten a defendant or later be held to be vindictive. The Court instead reads the case law as holding that the government is not vindictive when a defendant is given notice that if he does not accept a particular plea he may be superseded on additional charges. In other words, this

1  Court holds that the fact that the Court in *Bordenkircher* held that a threat to supersede was
2  not vindictive does not require the prosecution to always threaten a defendant to avoid
3  vindictiveness; notice is sufficient.  And, in this case, Defendant clearly had notice by the
4  language of the offered plea agreement that superseding charges on the exact offenses later
5  charged was a possibility.  *See generally Bordenkircher*, 434 U.S. at 358-59.

### D.  Original indictment

7  Finally, in his reply, Defendant also argues that he was not permitted to plead to the
8  original indictment, as was his plan. Doc. #131 at 4.  Further, Defendant argues that it was
9  his setting of a change of plea hearing on October 28, 2008 that caused the government to
10 obtain a superseding indictment with the additional charges.  The government argues that it
11 obtained the superseding indictment on November 6, 2008 after the plea offer deadline of
12 November 3, 2008 expired.  In other words, the government argues that the superseding
13 indictment timing was the result of the expiration of the plea deadline and not in retaliation
14 for Defendant's attempt to plead guilty to the original indictment.  The Court finds that to the
15 extent this timing could raise a presumption of vindictiveness, the government's explanation
16 of the timing is objective evidence which justifies its conduct in a way that does not stem
17 from a vindictive motive.  *See Jenkins*, 504 F.3d at 701.  Thus, the government has rebutted
18 any presumption of vindictiveness by showing that the intervening circumstance of the
19 expiration of the plea deadline is the reason for the timing of the superseding indictment and
20 that the timing was not caused by Defendant's exercise of a right.  *See generally id*.

21 Moreover, Defendant's circumstance was not materially changed by the government
22 obtaining the superceding indictment.  Specifically, had Defendant pleaded guilty to the
23 original indictment, without the benefit of a plea wherein the government agreed to not
24 charge Defendant with any additional, justified charges, the government could have indicted
25 defendant on the hostage taking and firearms charge after defendant pleaded guilty to
26 harboring.  In other words, Defendant has cited nothing, and the Court has found nothing,

that requires the government to bring every possible charge in one indictment.[1]  Thus, had defendant pleaded guilty to harboring, the government could have still indicted him on the firearms charge and hostage taking.  Therefore, because Defendant is in no different position then if he had pleaded guilty straight to the indictment on the harboring charge, obtaining one indictment as to all permissible charges was not a violation of due process.

**IV.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the motion to dismiss the superseding indictment based on alleged vindictive prosecution (Doc. #102) is denied.

DATED this 27th day of April, 2009.

_____
James A. Teilborg
United States District Judge

---

[1] *See e.g. U.S. v. Elgersma*, 979 F.2d 750, 754 (9th Cir. 1992) ("the presentation of specific evidence in one trial does not forever prevent the government from introducing the same evidence in a subsequent proceeding."(quoting *Grady v. Corbin*, 495 U.S. 508, 521-22 (1990)).