**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 08-954-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Marlon Rubio, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

    Pending before the Court is Defendant's Motion to Exclude Statements of Material Witnesses (Doc. #104).  Defendant requests that the hearsay statements of the material witnesses be excluded from trial.  Further, Defendant requests in the alternative, that the testimony only be used as to Count 4 of the Superseding Indictment (Doc. #60), and an order severing the trial on Count 4 from the trial on Counts 1-3.  The Government argues Defendant's Motion should be denied because Defendant knowingly and intelligently stipulated to the admission of these statements at trial.  For the following reasons, the Motion will be denied on both requests.

**I.      Factual Background**

    On July 21, 2008, Defendant was charged with Harboring Illegal Aliens for Financial Gain in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii) ("Harboring Illegal Aliens"). (Complaint, Doc. #1.)  Following this complaint, Defendant was provided with a statement of probable cause that set forth material witnesses' allegations, the agents'

1    first Report of Investigation which summarized the agents' interviews with the three material

2    witnesses, and the agents' third Report of Investigation which provided further detail from

3    one of the interviews. (Government's Response to Defendant's Motion to Exclude

4    Statements of Material Witnesses, Doc. #116, p. 3-4.)

5        On July 30, 2008, the Government extended a plea agreement to Defendant. (Doc.

6    #116, Exh. B, p. 1.) The plea agreement called for a guilty plea to the charge of Possessing,

7    Using, Carrying a Firearm During and in Relation to a Crime of Violence in violation of Title

8    18 U.S.C. § 924(c) ("Possession of a Firearm"). (*Id.*) Specifically, the plea agreement

9    contained a provision in which the Government agreed, in exchange for a plea of guilty, not

10   to prosecute Defendant for the crimes of Hostage Taking in violation of 18 U.S.C. § 1203

11   ("Hostage Taking"), and Harboring Illegal Aliens. (*Id.* at 3.)

12       On August 20, 2008, the date in which the video depositions of the three material

13   witnesses were scheduled to take place, Defendant signed and filed a document entitled

14   "Stipulation and Joint Motion for Release of Material Witnesses." (Motion for Release from

15   Custody, Doc. #34.) Based on these stipulations, the material witnesses were excused

16   without submitting to a deposition. (*Id.* at 2.) That same day Defendant was indicted for

17   Harboring Illegal Aliens. (Indictment, Doc. #29.) Subsequently, on November 6, 2008, the

18   Government filed a superseding indictment adding the charges of Possession of a Firearm

19   and Aiding and Abetting in violation of 18 U.S.C. § 1202 ("Aiding and Abetting"), Hostage

20   Taking and Aiding and Abetting, and Conspiracy to Commit Hostage Taking in violation of

21   18 U.S.C. §1203 ("Conspiracy to Commit Hostage Taking"). (Superseding Indictment, Doc.

22   #60.)

23       **II.     Exclusion of Statements of Material Witnesses**

24           **A.     Standard**

25       The right to confront witnesses in a criminal matter is a fundamental right under the

26   Sixth Amendment. U.S. CONST. amend. VI. The accused may waive this right. *See United*

27   *States v. Mezzanatto,* 513 U.S. 196, 201 (1995). The Government must establish by clear and

28   convincing evidence that the waiver was voluntary, knowing, and intelligent. *Schell v. Witek*,

1    218 F.3d 1017, 1023 (9th Cir. 2000); *United States v. Marotta,* 518 F.2d 681, 684 (9th Cir.

2    1975) ("[T]he government always has the burden of proving that a defendant knowingly

3    waived his constitutional rights.").  A defendant's attorney may waive the right to confront

4    witnesses as a trial strategy.  *Wilson v. Gray,* 345 F.2d 282, 286 (9th Cir. 1965).  If a

5    stipulation in a criminal trial is entered into freely and voluntarily it is binding and

6    enforceable; thus "a defendant who has stipulated to the admission of evidence cannot later

7    complain about its admissibility."  *United States v. Technic Services, Inc.*, 314 F.3d 1031,

8    1045 (9th Cir. 2002).  The stipulation should be interpreted as to carry out the intentions of

9    the parties.  *United States v. Petty*, 80 F.3d 1384, 1387 (9th Cir. 1996).

10       **B.    Analysis**

11       Defendant argues that the stipulation to admit the statements of the material witnesses

12   was not given knowingly and intelligently, and thus violates his Sixth Amendment right to

13   confront the witnesses against him.  (Motion to Exclude Statements of Material Witnesses,

14   Doc. #104, p. 3-4.)  Defendant believes his waiver was not given knowingly and intelligently

15   because he was unaware these statements would be used for any purpose other than the

16   charge of Harboring Illegal Aliens.  (*Id.*)  The Government argues that Defendant had

17   knowledge that the Government intended to prosecute him for Hostage Taking and

18   Possession of a Firearm.  (Doc. #116, p. 9-10)

19       The record shows that the charges of Possession of a Firearm and Hostage Taking

20   were issues addressed in the proposed plea agreement.  The plea agreement called for the

21   Defendant to pled guilty to the charge of Possession of a Firearm, and at that time made the

22   Defendant aware that this was a possible charge.  Additionally, the plea agreement contained

23   a provision in which the Government agreed not to charge Defendant with the charge of

24   Hostage Taking, and therefore also put Defendant on notice of this charge.  This plea

25   agreement was provided to Defendant on July 30, 2008, nearly one month before the

26   stipulation to release the witnesses took place on August 20, 2008.

27       Also, as pointed out in oral argument, some of the facts stipulated to are facts that

28   relate directly to charges of Possession of a Firearm and Hostage Taking, such as "Material

witnesses...were verbally and physically threatened with physical injury through the use and possession and carrying of firearms by the defendant[]...Marlon Alexander Rubio in order to compel others to pay money."  (Doc. #34, p. 2.)  The fact that the Government wanted hearsay statements to be admissible at trial that could be used for a Possession of a Firearm charge and a Hostage Taking charge further alerted Defendant to the Government's intentions.[1]  Accordingly, these potential charges were known to Defendant before he signed the stipulation.

Further, looking at the intent of the parties to the stipulation, the stipulation is not limited in scope to the charge of Harboring Illegal Aliens.  The language of the stipulation specifies that it applies to any statements in the disclosure and "shall be admitted as substantive evidence in any hearing or trial in the above-encaptioned matter."  (Doc. #34, p. 1.)  The superseding charges do not fall outside of a hearing or trial in this matter.  As was noted above, Defendant had knowledge that the superseding charges were possible before he entered into the stipulation.  Thus, the Court finds that the broad language of the stipulation, which is not charge specific, encompasses these additional charges.  *See Petty*, 80 F.3d at 1387 ("The factual basis for this claim obviously existed before the parties' stipulation...[h]ence, it is reasonable to treat this claim as falling within the scope of the waiver.").  Therefore, the Court finds Defendant knowingly and intelligently entered into the stipulation.

Considering the foregoing, the Defendant's Rule 15 argument also fails.  The Defendant notes that Rule 15 of the Federal Rules of Criminal Procedure limits deposition examinations to the scope and manner of material that would be allowed during trial.  Thus, he argues the examination of issues outside of Harboring Illegal Aliens would have been

---

[1] Additionally, a transcript of the August 20, 2008 hearing wherein Defendant entered into the stipulation was admitted into evidence at the April 21, 2009 hearing on this motion. After reviewing the transcript, it is clear that Judge Anderson discussed the scope and consequences of entering the stipulation with Defendant to ensure he waived his rights knowingly, intelligently, and voluntarily.  (Defendant's Exh. 11.)

improper if a deposition had taken place.  Defendant contends that following this logic any stipulated statements that would not have been relevant to Harboring Illegal Aliens should not be admissible at trial.  However, this Court rejects this argument based on the same reasons listed above.  Defendant had notice of the potential additional charges and knowingly entered into the broad language of the stipulation; thus, he is bound by this stipulation.  *See Hawkins v. Hannigan*, 979 F.Supp. 1397, 1405 (D. Kan. 1997) ("The fact that the scope of the information provided through the stipulated agreement may have exceeded that anticipated by petitioner does not...render petitioner's waiver invalid.").  Accordingly, Defendant's waiver of his right to confront the material witnesses was valid.

### III.    Permitting Material Witness Testimony only with Regard to Count 4 and an Order Severing for Trial Count 4 from Counts 1-3

#### A.    Standard

This Court has discretion to sever under Rule 14(a) and the Court's discretion shall be upheld unless a "joint trial was so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial." *United States v. Sarkisian*, 197 F.3d 966, 975 (9th Cir. 1999) (internal quotation omitted).  Defendant bears "the burden of proving that the joint trial was manifestly prejudicial." *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986).

"[T]here is 'a high risk of undue prejudice whenever . . . joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible.'" *Id.* at 1322 (quoting *United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985)).  However, "with respect to the practice of trying separate counts together in one trial, 'if all the evidence of [a] separate count would be admissible upon severance, prejudice is not heightened by joinder.'" *United States v. Quinn*, 18 F.3d 1461, 1466 (9th Cir. 1994) (quoting *United States v. Johnson*, 820 F.2d 1065, 1070. (9th Cir. 1987)).

1

**B.      Discussion**

2        Defendant argues, in an alternative, that if this Court finds the stipulation to be valid,

3   then the statements therein should be limited to Count 4 of the Superseding Indictment.

4   Accordingly, Defendant moves to sever the trial on Count 4 from the trial on Counts 1-3.

5   (Doc. #104, p. 1.)

6        This Court has found that the language of the stipulation encompasses all the charges,

7   in the superseding indictment; thus this stipulation is binding for all of the Counts of the

8   Superseding Indictment.  Therefore, this Court will not limit the admission of the material

9   witnesses' hearsay statements to only Count 4.  Accordingly, because the evidence is

10  admissible as to each count, prejudice is not heightened by the joinder.  As a result,

11  Defendant has failed to establish that the joinder of these counts is manifestly prejudicial.

12  Further, no argument has been presented to support a severance of the Counts if the material

13  witnesses' statements are admissible on to all counts.  Therefore, this Court denies

14  Defendant's request to limit the stipulation and sever Count 4 from Counts 1-3 at trial.

15       Based on the foregoing,

16       **IT IS ORDERED** denying the Defendant's Motion to Exclude Statements of Material

17  Witnesses (Doc. #104).

18       DATED this 27th day of April, 2009.

19

20

21  _____

22              James A. Teilborg
           United States District Judge

23

24

25

26

27

28

- 6 -